Tide Water Oil Sales Corporation *v.* Don Harper, *Trading,*
*etc.*

(No. 7502)

Submitted May 3, 1933. Decided May 9, 1933.

*E. L. Maxwell,* for plaintiff in error.
*D. H. Hill Arnold,* for defendant in error.

Woods, Judge:

This action was instituted to recover the contract price for
two shipments of gasoline. Defendant did not controvert the
items declared on, but filed a counterclaim based on an alleged
overcharge on a number of prior deliveries. A verdict was
returned in the latter's favor in the sum of $29.64. Plain-
tiff prosecutes error.

The controversy as to the overcharge involves the construc-
tion of that portion of the contract of January 2, 1929, which
provides that the price per gallon of Tydol gasoline furnished
distributor Harper shall be "the tank wagon price therefor
as determined by Tide Water [Oil Sales Corporation], ef-
fective for destination in such territory upon date of ship-
ment, less a discount of * * * $.035 when the tank wagon
price is more than $.13 and less than $.17 per gallon."

So far as this case is concerned, "tank wagon price", at
the time of the execution of the contract, was the prevailing
selling price from distributor to dealer. From the date of the

contract, to the end of the period covered by the counterclaim, such price remained at 14c per gallon. In arriving at "tank wagon price", representatives of Tide Water testified that while not required to do so, it did follow Standard Oil in the particular territory. On September 24, 1929, and thereafter, Harper was billed at sixteen cents per gallon, instead of fourteen. The invoice carried a one and one-half cent discount in addition to that provided for in the contract. On October 17th, Harper wrote the New York office, that the billing affected his profits. And, under date of the 30th, the manager of the sales department for the particular district, admitted that Harper was "now getting a net margin of ½c per gallon less" than before the change.

It appears that Standard Oil, subsequent to the date of the contract in the instance case, had coined a new term—"dealer's price", which it listed as two cents less than "tank wagon" price. In other words, they billed their distributors at sixteen cents, less two. The price of that company to dealers, as well as that of other competitors, therefore, remained at 14c. Harper, in order to sell gas in his territory had to meet competition with a like price.

It is the contention of the plaintiff in error that defendant, by virtue of the quoted portion of the contract, agreed that Tide Water should determine the "tank wagon" price, and was therefore bound by whatever Tide Water saw fit to designate as such. Granting that it could boost "tank wagon" price of its product to 16c, we must remember that it has, in this case, merely substituted "dealer's price" for "tank wagon price", in conformity with current custom. Such is borne out by their 1-½c discount additional. Why bestow such a bounty upon a distributor without any reason whatever?

If "tank wagon price" had a meaning at the time of the contract, that meaning remains the same until changed by agreement of the parties. The company has attempted to advance it to a position two cents in advance of what the term actually meant, and to substitute "dealer's price" in lieu thereof, to the prejudice of the defendant.

Under the admitted facts, the defendant was entitled to his counterclaim. The judgment is accordingly affirmed.

*Affirmed.*